E-FILED
Monday, 17 September, 2007   10:21:43 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DESTRICT COURT
CENTRAL DISCTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE E. LEISER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No: |
| | ) |
| SWAGAT GROUP, LLC, Individually and d/b/a | ) |
| COMFORT INN OF LINCOLN, ILLINOIS | )   JURY DEMAND |
| and/or d/b/a THE BEST WESTERN OF | ) |
| LINCOLN, ILLINOIS; CHOICE HOTELS | ) |
| INTERNATIONAL, INC., and | ) |
| VASANT PATEL, Individually, | ) |
| | ) |
| Defendants. | ) |

NOW COMES Plaintiff, BONNIE E. LEISER, by and through her attorneys, Thomas M. Lake and Patrick E. Halliday of DUDLEY & LAKE, LLC, and complaining of Defendants, SWAGAT GROUP, LLC, Individually, and d/b/a COMFORT INN OF LINCOLN, ILLINOIS and d/b/a THE BEST WESTERN OF LINCOLN, ILLINOIS; CHOICE HOTELS INTERNATIONAL INC., and VASANT PATEL, Individually, and hereby states as follows:

**Designation of Lead Counsel**

Pursuant to Rule 11.2, Thomas M. Lake has been designated as lead counsel.

**JURISDICTIONAL STATEMENT**

1.  That on January 14, 2006, and at the present time, Plaintiff, BONNIE E. LEISER, is a citizen and resident of the State of Wisconsin residing at 4022 Orchard Street, Milwaukee, Wisconsin, 53215.

2.  That on January 14, 2006, and at the present time, Defendant, SWAGAT

1

GROUP, LLC d/b/a COMFORT INN OF LINCOLN, ILLINOIS and/or d/b/a BEST WESTERN OF LINCOLN, ILLINOIS, is an Illinois Corporation duly licensed to do business in the State of Illinois, with offices of its registered agent, HIMAHSUM DESAI, at 701 Waterford Drive, Des Plaines, Illinois 60016 and its principal office located 2811 Woodland Road, Lincoln, Illinois 62056.

3. That on January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL, INC., is a DELAWARE Corporation duly licensed to do business in the State of Illinois, with offices of its registered agent, 33 North LaSalle Street, Chicago, Illinois 60602; and its principal office located in Columbia Pike, Silver Spring, Maryland 10750.

4. That on January 14, 2006, and at the present time, Defendant, VASANT PATEL, is a citizen and resident of the State of Illinois residing in Lincoln, Illinois.

## COUNT I
**(Negligence – v. SWAGAT GROUP, LLC, Individually, and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)**

1. Plaintiff restates and re-alleges paragraphs 1 through 4 of the jurisdictional statement as paragraphs 1 through 4 of Count I of Plaintiff's Complaint at Law.

5. That on or about January 14, 2006, and at the present time, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

6. On or about January 14, 2006, and at all times material, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of

2

Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

7. On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

8. On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

9. On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

10. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

12. That on, before and subsequent to the time period of January 14, 2006,

Defendants, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, servants employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner for its guests.

13.     That on or about January 14, 2006, and at all times material, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

14.     That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria.

15.     That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

    a.     Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

    b.     Failed to timely and properly assess the potential for legionella droplet formation;

    c.     Failed to prevent legionella bacteria forming to the point it became airborne;

   d. Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

   e. Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

   f. Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

   g. Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

   h. Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

   i. Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

   j. Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

   k. Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

   l. Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

   m. Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

   n. Failed to properly and timely inspect its aquatic facilities;

   o. Was otherwise negligent in the maintenance and operation of its hotel facilities.

  16. That as a direct and proximate result of the negligent acts and/or omissions of the Defendant SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or

d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, SWAGAT GROUP, LLC, Individually, and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT II
### (Negligence – v. CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1.Plaintiff restates and re-alleges paragraphs 1 through 4 of the jurisdictional statement as paragraphs 1 through 4 of Count II of Plaintiff's Complaint at Law.

5.That on or about January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

6.On or about January 14, 2006, and at all times material, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

7.On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the CHOICE HOTELS INTERNATIONAL d/b/a

6

Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

8.  On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

9.  On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

10. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

12. That on, before and subsequent to the time period of January 14, 2006, Defendants, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to

keep and maintain its hotel and aquatic facilities in a safe and operable manner for its guests.

13. That on or about January 14, 2006, and at all times material, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

14. That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

15. That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

    a. Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

    b. Failed to timely and properly assess the potential for legionella droplet formation;

    c. Failed to prevent legionella bacteria forming to the point it became airborne;

    d. Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella

bacteria;

e. Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

f. Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

g. Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

h. Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

i. Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

j. Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

k. Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

l. Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

m. Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

n. Failed to properly and timely inspect its aquatic facilities;

o. Was otherwise negligent in the maintenance and operation of its hotel facilities.

16. That as a direct and proximate result of the negligent acts and/or omissions of the Defendant CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER,

9

sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT III
### (Negligence – v. Vasant Patel, Individually)

1. Plaintiff restates and re-alleges paragraphs 1 through 4 of the jurisdictional statement as paragraphs 1 through 4 of Count III of Plaintiff's Complaint at Law.

5. That on or about January 14, 2006, and at the present time, Defendant, VASANT PATEL, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

6. On or about January 14, 2006, and at all times material, VASANT PATEL's hotel had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

7. On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the hotel of VASANT PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

8. On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the hotel of VASANT PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of

Lincoln, Illinois.

9. On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the hotel for approximately 1 ½ hours.

10. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the hotel owned by VASANT PATEL.

11. That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of the hotel owned and operated by VASANT PATEL.

12. That on, before and subsequent to the time period of January 14, 2006, Defendant, VASANT PATEL by and through his agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner to its guests.

13. That on or about January 14, 2006, and at all times material, Defendant, VASANT PATEL had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

14. That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, VASANT PATEL's, hotel was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

15. That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, VASANT PATEL by and through his agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

    a. Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

    b. Failed to timely and properly assess the potential for legionella droplet formation;

    c. Failed to prevent legionella bacteria forming to the point it became airborne;

    d. Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

    e. Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

    f. Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

    g. Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

    h. Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

    i. Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

    j. Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

    k. Failed to properly appoint a person to manage and

maintain the aquatic facilities so as to prevent formation of legionella bacteria;

    l.    Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

    m.    Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

    n.    Failed to properly and timely inspect its aquatic facilities;

    o.    Was otherwise negligent in the maintenance and operation of its hotel facilities.

16. That as a direct and proximate result of the negligent acts and/or omissions of the Defendant VASANT PATEL, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, VASANT PATEL, in excess of $75,000.00 in addition to the costs of this suit.

Respectfully Submitted,

By:___s/ThomasM.Lake_____  
Attorney(s) for Plaintiff

Thomas M. Lake  
Patrick E. Halliday (#6281828)  
DUDLEY & LAKE LLC  
100 E. Cook Ave,  
Suite 200  
Libertyville, IL  60048

**JS 44** (Rev. 11/04)                          **CIVIL COVER SHEET**

E-FILED
Monday, 17 September, 2007  10:22:07 AM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Bonnie Leiser

### DEFENDANTS
Swagat Group, LLc, Individually, and d/b/a Comfort Inn of Lincoln Illinois

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

See attached

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
See attached

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

See Attached

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332
Brief description of cause: Negligence by Hotel causing injury

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ own $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 09/14/2007     SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**PLAINTIFFS**

**I.(b)  County Residence First Listed Plaintiff**

Milwaukee County,
Milwaukee, WI

**(c)  Attorneys**

Thomas M. Lake
Patrick E. Halliday
Dudley & Lake, LLC
100 E. Cook Avenue, 2nd Floor
Libertyville, IL 60048
(847)362-5385

**DEFENDANTS**

    **(a)** CHOICE HOTELS INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois.

    VASANT PATEL, Individually, and d/b/a Comfort Inn of Lincoln, Illinois.

    **(b)** SWAGAT GROUP LLC is a resident of Logan County, Illinois; Incorporated in Illinois with its principal place of business in Illinois.

    CHOICE HOTELS INTERNATIONAL is Incorporated in Illinois with its principal place of business in Delaware.

    VASANT PATEL is a resident of Logan County, Illinois.

    **(c)** Attorneys' Unknown

**III.   CITIZENSHIP OF PRINCIPAL PARTIES**

Plaintiff is a citizen of Milwaukee, Wisconsin.

Defendant, Swagat Group LLC, is incorporated in Illinois with its principal place of business in Illinois.

Defendant, Choice Hotels International, Inc, is incorporated in Illinois with its principal place of business in Delaware.

Defendant, Vasant Patel, is a resident of Logan County, Illinois

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.