UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BONNIE E. LEISER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 07-3254 |
| SWAGAT GROUP, LLC, CHOICE HOTELS INTERNATIONAL, INC. and VASANT PATEL, Individually, | ) |
| Defendants, and | ) |
| CHOICE HOTELS INTERNATIONAL, INC., | ) |
| Cross-claimant, | ) |
| vs. | ) |
| SWAGAT GROUP, LLC, and VASANT PATEL, Individually, | ) |
| Cross-defendants. | ) |

## ANSWER TO COMPLAINT AND CROSS-CLAIM

COMES NOW the Defendant, CHOICE HOTELS INTERNATIONAL, INC., by and through its attorneys, HINSHAW & CULBERTSON, LLP and for its Answer to Plaintiff's Complaint, states as follows:

### COUNTS I AND III

Defendant, Choice Hotels International, Inc. makes no answer to Counts I and III of Plaintiff's Complaint, as those Counts are not directed at this Defendant.

### COUNT II

1.     Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 1, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

2. Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 2, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof. Further answering, Swagat Group LLC represented to Defendant to be an Illinois LLC.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 4, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

5. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056. Therefore, Defendant denies the allegations contained in paragraph 5 of Count II.

6. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056. Therefore, Defendant denies the allegations contained in paragraph 6 of Count II.

7. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL at 1128 Woodland Road, or any other address in the city of Lincoln, IL. As to the allegations that Plaintiff was a guest on these premises, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 7 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

8. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056. Therefore, Defendant denies that the pool and hot tub facilities as alleged by Plaintiff were Defendant's. As to the remaining allegations of paragraph 8 of Count II, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 8 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

9. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056. As to the allegations that Plaintiff used a pool and hot tub facilities on January 14, 2005, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 9 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

10. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that Plaintiff stayed at any property owned or operated by Choice Hotels International in Lincoln, IL on January 14, 2006. As to the allegation that Plaintiff became ill and was hospitalized after January 14, 2006, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 10 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

11. Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned, operated, or controlled the hot tub and pool facilities as described in Plaintiff's Complaint. As to the allegations that Plaintiff became

ill, was hospitalized and diagnosed with Legionnaire's Disease after January 14, 2006 as a result of sitting in the allegedly legionella infested hot tub and pool facilities as described in Plaintiff's Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 11 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

12.     Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056 and further denies that it maintained, employed or controlled any agents, servants, employees or representatives at the premises described in Plaintiff's Complaint and, therefore, denies that it owed any duty of care as alleged in paragraph 12 of Count II of Plaintiff's Complaint.

13.     Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056 and denies that it owned, controlled or maintained the premises described in Plaintiff's Complaint and, therefore, denies that it owed any duty to Plaintiff to provide a safe place of residence on or about January 14, 2006.

14.     Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056 and denies that it owned, operated or maintained the premises described by Plaintiff in her Complaint, including but not limited to the pool and hot tub facilities as alleged in paragraph 14, and, therefore, because Defendant did not own, operate or maintain any hotel facilities in Lincoln, Illinois, Defendant denies that any facilities were in a dangerous and contaminated condition.  With regard to the allegations as to the condition of any

pool or hot tub facilities in Lincoln, IL on January 14, 2006 as alleged in paragraph 14 of Plaintiff's Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 14 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

15.  Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056 and further denies that it maintained, employed or controlled any agents, employees, servants or representatives upon the premises described by Plaintiff in her Complaint at any time, and, therefore, denies the allegations of paragraph 15, including the allegations contained in sub-paragraph a-o.

16.  Defendant denies that at any time it did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated the hotel located at 2811 Woodland Road, Lincoln, IL 62056 and denies that any act or omission of the Defendant was a proximate cause of any injuries sustained by the Plaintiff.  With regard to the allegations that Plaintiff sustained said injuries as alleged in her Complaint in Count II, paragraph 16, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 16 and, therefore neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Complaint, and that this Defendant be awarded its costs of suit and any other relief this Court deems just.

60167684v1 882662

**AFFIRMATIVE DEFENSES**

As and for Defendant's Affirmative Defenses to Count II of Plaintiff's Complaint, Defendant states as follows:

1. Defendant was not the owner of the property identified in Plaintiff's Complaint.

2. Defendant was not the operator of the property identified in Plaintiff's Complaint.

3. Defendant did not hold itself out as owning or operating the property identified in Plaintiff's Complaint.

4. Defendant owed no duty of care to the Plaintiff as alleged in the Complaint.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Complaint, and that this Defendant be awarded its costs of suit and any other relief this Court deems just.

**CROSS-CLAIM**

COMES NOW the Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., by and through its attorneys, HINSHAW & CULBERTSON, LLP, and pursuant to FRCP 13(g), for its Cross-Claim against Defendant/Cross-defendants, SWAGAT GROUP, LLC and VASANT PATEL, Individually, states as follows:

**COUNT I – EXPRESS INDEMNITY**

**SWAGAT Group, LLC**

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

60167684v1 882662

2. That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels and SWAGAT Group, LLC, Choice Hotels granted a license to SWAGAT Group for the use of Choice Hotel's trademarks and logos in SWAGAT's operation of the hotel.

3. That SWAGAT Group, LLC obligated itself to the following terms and conditions pursuant to the Franchise Agreement:

> **13. Indemnification**
>
> You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

4. That the claims alleged by Plaintiff are claims for which indemnification is provided to Choice Hotels as stated in the Indemnification provision of the Franchise Agreement.

5. That should Choice Hotels be found liable pursuant to the allegations of the Plaintiff contained in her Complaint, Choice Hotels is entitled to express indemnity from SWAGAT Group, LLC, for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-defendant should Choice Hotels International be determined liable to Plaintiff in the above-referenced matter against SWAGAT Group, LLC in the amount of damages rendered against it, together with an award of attorneys' fees and costs for its defense of this suit and for any other relief this Court deems just.

## COUNT II – IMPLIED INDEMNITY

**SWAGAT Group, LLC**

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

2. Plaintiff has alleged that Choice Hotels is liable for the acts of its agents in the operation of the Hotel owned and operated by SWAGAT Group, LLC.

3. To the extent that Choice Hotels is found liable to Plaintiff, and to the extent that Choice Hotels is found vicariously liable for the acts of SWAGAT Group, LLC, Choice Hotels is entitled to implied indemnity from SWAGAT Group, LLC.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-defendant SWAGAT Group LLC, should CHOICE HOTELS INTERNATIONAL be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it,, and for any other relief this Court deems just.

## COUNT III – CONTRIBUTION

**SWAGAT Group, LLC**

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

60167684v1 882662

2. Plaintiff has sought recovery for injuries allegedly sustained as a result of her contraction of Legionnaire's Disease from the operation and maintenance of the aquatic facilities described in Plaintiff's Complaint.

3. That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same injury to a person, and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

4. That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Complaint is due to the acts of SWAGAT Group, LLC and any injuries allegedly flowing from said acts were proximately caused by SWAGAT Group, LLC.

5. That any injuries to the Plaintiff, and any damages assessed against Choice Hotels pursuant to the allegations of Plaintiff's Complaint, are due to the acts and/or omissions, if any, of SWAGAT Group, LLC, which is the sole proximate cause of any such injuries or damages.

6. That should Choice Hotels be found liable, it is entitled to contribution from SWAGAT Group, LLC for its pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-defendant, SWAGAT Group, LLC for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, or, in the alternative, awarded judgment in an amount equal to SWAGAT GROUP LLC's pro rata share of liability for Plaintiff's damages and that Defendant be awarded its costs of suit and any other relief this Court deems just.

60167684v1 882662

## COUNT IV – EXPRESS INDEMNITY

### Vasant Patel, Individually

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries sustained while allegedly a guest at a hotel owned and operated by Vasant Patel, Individually.

2. That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels and SWAGAT Group, LLC, of which Vasant Patel is a member, and Vasant Patel Individually, Choice Hotels granted a license to SWAGAT Group, LLC. and its member, Vasant Patel for the use of Choice Hotel's trademarks and logos in SWAGAT's and Vasant Patel's operation of the hotel.

3. That SWAGAT and Vasant Patel obligated themselves to the following terms and conditions within the Franchise Agreement:

> **13. Indemnification**
>
> You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

4. That should Choice Hotels be found liable pursuant to the allegations of Plaintiff in her Complaint, Choice Hotels is entitled to express indemnity from Vasant Patel for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-defendant should CHOICE HOTELS INTERNATIONAL be determined liable to Plaintiff in the above-referenced matter against VASANT PATEL, Individually, in the amount of damages rendered against it, together with an award of attorneys' fees and costs for its defense of this suit and for any other relief this Court deems just.

### COUNT V – IMPLIED INDEMNITY

**Vasant Patel, Individually**

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries while allegedly a guest at a hotel owned and operated by Vasant Patel, at 2811 Woodlawn Road, Lincoln, IL 62656.

2. Plaintiff has alleged that Choice Hotels is liable for the acts of its agents in the operation of the Hotel owned and operated by Vasant Patel.

3. To the extent that Choice Hotels is found liable to Plaintiff, and to the extent that Choice Hotels is found vicariously liable for the acts of Vasant Patel, Choice Hotels is entitled to implied indemnity from Vasant Patel.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-defendant VASANT PATEL, Individually, should CHOICE HOTELS INTERNATIONAL be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT VI – CONTRIBUTION

### Vasant Patel, Individually

1. Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries while allegedly a guest at a hotel owned and operated by Vasant Patel, at 2811 Woodlawn Road, Lincoln, IL 62656.

2. Plaintiff has sought recovery for injuries allegedly sustained as a result of her alleged contraction of Legionnaire's Disease in the operation and maintenance of the aquatic facilities described in Plaintiff's Complaint.

3. That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same injury to person or the same wrongful death and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

4. That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Complaint is due to the acts of VASANT PATEL, Individually, and any injuries allegedly flowing from said acts or proximately caused by VASANT PATEL, Individually.

5. That any injuries to the Plaintiff, and any damages assessed against Choice Hotels pursuant to the allegations of Plaintiff's Complaint, are due to the acts and/or omissions, if any, of Vasant Patel, which is the sole proximate cause of any such injuries or damages.

60167684v1 882662

6.  That should Choice Hotels be found liable, it is entitled to contribution from VASANT PATEL for its pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-defendant, VASANT PATEL, Individually for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, or, in the alternative, awarded judgment in an amount equal to VASANT PATEL's pro rata share of liability for Plaintiff's damages and that Defendant be awarded its costs of suit and any other relief this Court deems just.

Filed:    November 15, 2007                    Respectfully submitted,

/s/ John E. Nolan
John E. Nolan
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
jnolan@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby state that on November 15, 2007, the undersigned electronically filed the foregoing document on behalf of Defendant, CHOICE HOTELS INTERNATIONAL, INC., with the Clerk of the Court of the U.S. District Court, Central District, using CM-ECF system which will send notification of such filing to the following:

tlake@dudleylake.com

aharless@hrva.com

/s/ John E. Nolan
HINSHAW & CULBERTSON LLP
400 S. 9th, Suite 200
Springfield, IL  62701
(217) 528-7375
(217) 528-0075 (Facsimile)
jnolan@hinshawlaw.com
Attorney Bar No. 62070472

14

60167684v1 882662