E-FILED
Tuesday, 08 January, 2008 04:47:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE E. LEISER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No:07 cv 3254 |
| | ) |
| SWAGAT GROUP, LLC, Individually, and d/b/a | ) |
| COMFORT INN OF LINCOLN, ILLINOIS | ) |
| and/or d/b/a THE BEST WESTERN OF | ) |
| LINCOLN, ILLINOIS; CHOICE HOTELS | ) |
| INTERNATIONAL, INC., VASANT PATEL, | ) |
| Individually and as agent of Choice Hotels | ) |
| International; HIMANSHU M. DESAI, | ) |
| Individually and as agent of Choice Hotels | ) |
| International; VIJAY C. PATEL, Individually and | ) |
| As Agent of Choice Hotels International; | ) |
| And VAIDIK INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, BONNIE E. LEISER, by and through her attorneys, Thomas M. Lake and Patrick E. Halliday of DUDLEY & LAKE, LLC, and complaining of Defendants, SWAGAT GROUP, LLC, Individually, and d/b/A COMFORT INN OF LINCOLN, ILLINOIS and d/b/a THE BEST WESTERN OF LINCOLN, ILLINOIS; CHOICE HOTELS INTERNATIONAL INC., VASANT PATEL, Individually and as agent of Choice Hotels International, HIMANSHI DESAI, Individually and as agent of Choice Hotels International, VIJAY PATEL, Individually and as agent of Choice Hotels International; and VAIDIK INTERNATIONAL INC. In support thereof, Plaintiff states as follows:

### Designation of Lead Counsel

1

Pursuant to Rule 11.2, Thomas M. Lake has been designated as lead counsel.

### JURISDICTIONAL STATEMENT

1.     That on January 14, 2006, and at the present time, Plaintiff, BONNIE E. LEISER, is a citizen and resident of the State of Wisconsin residing at 4022 Orchard Street, Milwaukee, Wisconsin, 53215.

2.     That on January 14, 2006, and at the present time, Defendant, SWAGAT GROUP, LLC d/b/a COMFORT INN OF LINCOLN, ILLINOIS and/or d/b/a BEST WESTERN OF LINCOLN, ILLINOIS, is an Illinois Corporation duly licensed to do business in the State of Illinois, with offices of its registered agent, HIMAHSUM DESAI, at 701 Waterford Drive, Des Plaines, Illinois 60016 and its principal office located 2811 Woodland Road, Lincoln, Illinois 62056.

3.     That on January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL, INC., is a DELAWARE Corporation duly licensed to do business in the State of Illinois, with offices of its registered agent, 33 North LaSalle Street, Chicago, Illinois 60602; and its principal office located in Columbia Pike, Silver Spring, Maryland 10750.

4.     That on January 14, 2006, and at the present time, Defendant, VASANT PATEL, is a citizen and resident of the State of Illinois residing in Lincoln, Illinois.

5.     That on January 14, 2006, and at the present time, Defendant, VIJAY C. PATEL, was and is a citizen and resident of the State of Illinois residing in Lincoln, Illinois.

6.     That on January 14, 2006, and at the present time, Defendant, VAIDIK INTERNATIONAL, INC., is an Illinois Corporation duly licensed to do business in the State of Illinois, with offices of its registered agent, HIMAHSUM DESAI, at 701

2

Waterford Drive, Des Plaines, Illinois 60016 and its principal office located 2811 Woodland Road, Lincoln, Illinois 62056.

## COUNT I
### (Negligence – v. SWAGAT GROUP, LLC, Individually, and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1.     Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional statement as paragraphs 1 through 6 of Count I of Plaintiff's Complaint at Law.

7.     That on or about January 14, 2006, and at the present time, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.     On or about January 14, 2006, and at all times material, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.     On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.     On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of

Lincoln, Illinois.

11.    On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

12.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

14.    That on, before and subsequent to the time period of January 14, 2006, Defendants, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, servants employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner for its guests.

15.    That on or about January 14, 2006, and at all times material, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.    That on, before, and subsequent to January 14, 2006, and at all times

4

material, the pool and hot tub facilities on the premises of Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria.

17.    That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

> a.    Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;
>
> b.    Failed to timely and properly assess the potential for legionella droplet formation;
>
> c.    Failed to prevent legionella bacteria forming to the point it became airborne;
>
> d.    Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;
>
> e.    Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;
>
> f.    Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;
>
> g.    Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;
>
> h.    Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

5

i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

k.     Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

l.     Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

n.     Failed to properly and timely inspect its aquatic facilities;

o.     Was otherwise negligent in the maintenance and operation of its hotel facilities.

18.     That as a direct and proximate result of the negligent acts and/or omissions of the Defendant SWAGAT GROUP, LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, SWAGAT GROUP, LLC, Individually, and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

### COUNT II

(Res Ipsa – v. SWAGAT GROUP LLC d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1-18.   Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count1, including all subparagraphs, as and for paragraphs 1 through 18 of this Count II.

19.    That on and subsequent to January 1, 2006, and at all times material, Defendant SWAGAT GROUP LLC had on its premises aquatic facilities that was under it's direct and exclusive control.

20.    That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant SWAGAT GROUP LLC, plaintiff would not have contracted legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, SWAGAT GROUP LLC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT III
### (Negligence – v. CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1.    Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional statement as paragraphs 1 through 6 of Count II of Plaintiff's Complaint at Law.

7.    That on or about January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

7

8.    On or about January 14, 2006, and at all times material, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.    On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

12.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of Defendant,

CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

14.     That on, before and subsequent to the time period of January 14, 2006, Defendants, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner for its guests.

15.     That on or about January 14, 2006, and at all times material, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.     That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

17.     That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

9

a.     Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

b.     Failed to timely and properly assess the potential for legionella droplet formation;

c.     Failed to prevent legionella bacteria forming to the point it became airborne;

d.     Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

e.     Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

k.     Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

l.     Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

n.    Failed to properly and timely inspect its aquatic facilities;

o.    Was otherwise negligent in the maintenance and operation of its hotel facilities.

18.    That as a direct and proximate result of the negligent acts and/or omissions of the Defendant CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT IV
### (Res Ipsa – v. CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1-18.    Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count III, including all subparagraphs, as and for paragraphs 1 through 18 of this Count IV.

19.    That on and subsequent to January 1, 2006, and at all times material, Defendant CHOICE HOTELS had on its premises aquatic facilities that was under it's direct and exclusive control.

20.    That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant CHOICE HOTELS, plaintiff would not have contracted

11

legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

**COUNT V**
**(Apparent Agency – v. CHOICE HOTELS INC. d/b/a Comfort Inn of Lincoln,**
**Illinois and d/b/a Best Western of Lincoln, Illinois)**

1.    Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional statement as paragraphs 1 through 6 of Count III of Plaintiff's Complaint at Law.

7.    That from January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.    That from January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL held out SWAGAT GROUP LLC d/b/a Comfort Inn and/or Best Western and VAIDIK INTERNATIONAL, INC., d/b/a Comfort Inn and/or Best Western as a Choice Hotels International, Inc. hotel and that plaintiff relied on the quality of such hotels when selecting said hotel.

9.    That from January 14, 2006, and all times material, Defendants, SWAGAT GROUP LLC, VAIDIK INTERNATIONAL, INC., VASANT PATEL, VIJAY PATEL and HIMANSHU DESAI, were agents and/or employees of the Defendant CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln,

12

Illinois and/or d/b/a Best Western of Lincoln, Illinois.

10.    That from January 14, 2006, and all times material, Defendants, SWAGAT GROUP LLC, VAIDIK INTERNATIONAL, INC., VASANT PATEL, VIJAY PATEL and HIMANSHU DESAI, were acting within the scope and course of their agency relationship with the Defendant CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.    That from January 14, 2006, and at the present time, Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, held out defendants SWAGAT GROUP LLC, VAIDIK INTERNATIONAL, INC., VASANT PATEL, VIJAY PATEL and HIMANSHU DESAI as agents and/or employees of CHOICE HOTELS INTERNATIONAL.

12.    On or about January 14, 2006, and at all times material, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guest during operating hours.

13.    On or about January 14, 2006, and at all times material, Plaintiff BONNIE LESIER, was a guest at the CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

14.    On or about January 14, 2006, Plaintiff's decedent, BONNIE LESIER, was in the vicinity of the pool and hot tub facilities at the CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

15.    On and subsequent to January 14, 2006, and at all times material, Plaintiff BONNIE LESIER, became seriously ill and was hospitalized following her stay at the CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

16.    That subsequent to January 14, 2006, and at all times material, Plaintiff BONNIE LESIER, was diagnosed with legionnaire's disease.

17.    That on before and subsequent to the time period of January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

18.    That subsequent to the time period of January 14, 2006, and at all times material BONNIE LESIER, became ill, hospitalized and diagnosed with legionnaires disease as a result of her stay at the hotel due to the legionella infested hot tub and pool at the facilities of Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

19.    That on, before and subsequent to the time period of January 14, 2006, Defendants, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, by and through its agents, service and representatives including SWAGAT GROUP LLC, VAIDIK INTERNATIONAL, INC., VASABT PATEL, VIJAY PATEL and HIMANSHU DESAI, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic

facilities in a safe and operable manner to its guests.

20.     That on, before and subsequent to the time period of February 11, 2006 through February 13, 2006, Defendants, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, by and through its agents, employees, service and representatives including SWAGAT GROUP LLC, VAIDIK INTERNATIONAL, INC., VASANT PATEL, VIJAY PATEL and HIMANSHU DESAI, was negligent in one or more of the following acts and/or omissions:

     a.     Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

     b.     Failed to timely and properly assess the potential for droplet formation;

     c.     Failed to prevent legionella bacteria forming to the point it became airborne;

     d.     Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

     e.     Failed to assess the risk to those who might inhale the droplet formation, specifically any and all hotel guests;

     f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

     g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

     h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

     i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system

and plant.

      j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

      k.     Failed to properly appoint a person to manage and maintain to the aquatic facilities so as to prevent formation of legionella bacteria;

      l.     Failed to properly keep records of maintenance and to ensure that the methods used are effective.

      m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

      n.     Was otherwise negligent in the maintenance and operation of its hotel facilities.

21.     That as a direct and proximate result of the negligent acts and/or omissions of the agents and/or employees of Defendant CHOICE HOTELS INTERNATIONAL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendants, CHOICE HOTELS INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, in excess of $75,000.00 in addition to the costs of this suit.

## COUNT VI
### (Negligence – v. Vasant Patel, Individually)

1.     Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional

statement as paragraphs 1 through 6 of Count III of Plaintiff's Complaint at Law.

7.    That on or about January 14, 2006, and at the present time, Defendant, VASANT PATEL, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.    On or about January 14, 2006, and at all times material, VASANT PATEL's hotel had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the hotel of VASANT PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the hotel of VASANT PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.    On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the hotel for approximately 1 ½ hours.

12.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the hotel owned by VASANT PATEL.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as

17

a result of sitting in the legionella infested hot tub and pool at the facilities of the hotel owned and operated by VASANT PATEL.

14.    That on, before and subsequent to the time period of January 14, 2006, Defendant, VASANT PATEL by and through his agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner to its guests.

15.    That on or about January 14, 2006, and at all times material, Defendant, VASANT PATEL had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.    That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, VASANT PATEL's, hotel was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

17.    That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, VASANT PATEL by and through his agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

      a.    Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

      b.    Failed to timely and properly assess the potential for legionella droplet formation;

      c.    Failed to prevent legionella bacteria forming to the point it became airborne;

      d.     Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

      e.     Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

      f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

      g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

      h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

      i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

      j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

      k.     Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

      l.     Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

      m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

      n.     Failed to properly and timely inspect its aquatic facilities;

      o.     Was otherwise negligent in the maintenance and operation of its hotel facilities.

     18.     That as a direct and proximate result of the negligent acts and/or omissions

of the Defendant VASANT PATEL, Plaintiff, BONNIE E. LEISER, sustained permanent

injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, VASANT PATEL, in excess of $75,000.00 in addition to the costs of this suit.

## COUNT VII
### (Res Ipsa – v. VASANT PATEL individually and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1-18.    Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count VI, including all subparagraphs, as and for paragraphs 1 through 18 of this Count VII.

19.    That on and subsequent to January 1, 2006, and at all times material, Defendant VASANT PATEL had on its premises aquatic facilities that was under it's direct and exclusive control.

20.    That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant VASANT PATEL, plaintiff would not have contracted legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, VASANT PATEL individually and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT VIII
### (Negligence – v. Vijay Patel, Individually)

20

1.    Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional statement as paragraphs 1 through 6 of Count III of Plaintiff's Complaint at Law.

7.    That on or about January 14, 2006, and at the present time, Defendant, VIJAY PATEL, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.    On or about January 14, 2006, and at all times material, VIJAY PATEL's hotel had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the hotel of VIJAY PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the hotel of VIJAY PATEL d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.    On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the hotel for approximately 1 ½ hours.

12.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the hotel owned by VIJAY PATEL.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff,

BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of the hotel owned and operated by VIJAY PATEL.

14.    That on, before and subsequent to the time period of January 14, 2006, Defendant, VIJAY PATEL by and through his agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner to its guests.

15.    That on or about January 14, 2006, and at all times material, Defendant, VIJAY PATEL had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.    That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, VIJAY PATEL's, hotel was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

17.    That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, VIJAY PATEL by and through his agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

a.    Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

b.    Failed to timely and properly assess the potential for legionella droplet formation;

c.    Failed to prevent legionella bacteria forming to the point it became airborne;

22

    d.     Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

    e.     Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

    f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

    g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

    h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

    i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

    j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

    k.     Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

    l.     Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

    m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

    n.     Failed to properly and timely inspect its aquatic facilities;

    o.     Was otherwise negligent in the maintenance and operation of its hotel facilities.

    18.    That as a direct and proximate result of the negligent acts and/or omissions of the Defendant VIJAY PATEL, Plaintiff, BONNIE E. LEISER, sustained permanent

injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, VIJAY PATEL, in excess of $75,000.00 in addition to the costs of this suit.

## COUNT IX
### (Res Ipsa – v. VIJAY PATEL individually and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1-18.  Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count VIII, including all subparagraphs, as and for paragraphs 1 through 18 of this Count IX.

19.     That on and subsequent to January 1, 2006, and at all times material, Defendant VIJAY PATEL had on its premises aquatic facilities that was under it's direct and exclusive control.

20.     That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant VIJAY PATEL, plaintiff would not have contracted legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, VIJAY PATEL individually and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT X
### (Negligence – v. Himanshu Desai, Individually)

1.     Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional

statement as paragraphs 1 through 6 of Count III of Plaintiff's Complaint at Law.

7.    That on or about January 14, 2006, and at the present time, Defendant, HIMANSHU DESAI, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.    On or about January 14, 2006, and at all times material, HIMANSHU DESAI's hotel had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the hotel of HIMANSHU DESAI d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.    On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the hotel of HIMANSHU DESAI d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.    On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the hotel for approximately 1 ½ hours.

12.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the hotel owned by HIMANSHU DESAI.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as

a result of sitting in the legionella infested hot tub and pool at the facilities of the hotel owned and operated by HIMANSHU DESAI.

14.    That on, before and subsequent to the time period of January 14, 2006, Defendant, HIMANSHU DESAI by and through his agents, servants, employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner to its guests.

15.    That on or about January 14, 2006, and at all times material, Defendant, HIMANSHU DESAI had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.    That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, HIMANSHU DESAI's, hotel was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which thereby causes legionnaires disease.

17.    That on, before and subsequent to the time period of January 14, 2006, and at all times material, Defendant, HIMANSHU DESAI by and through his agents, employees, servants and representatives, was negligent in one or more of the following acts and/or omissions:

> a.    Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;
>
> b.    Failed to timely and properly assess the potential for legionella droplet formation;
>
> c.    Failed to prevent legionella bacteria forming to the point it became airborne;
>
> d.    Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella

bacteria;

      e.     Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

      f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

      g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

      h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

      i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

      j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

      k.     Failed to properly appoint a person to manage and maintain the aquatic facilities so as to prevent formation of legionella bacteria;

      l.     Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

      m.     Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

      n.     Failed to properly and timely inspect its aquatic facilities;

      o.     Was otherwise negligent in the maintenance and operation of its hotel facilities.

18.     That as a direct and proximate result of the negligent acts and/or omissions of the Defendant HIMANSHU DESAI, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability,

embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, HIMANSHU DESAI, in excess of $75,000.00 in addition to the costs of this suit.

**COUNT XI**
**(Res Ipsa – v. HIMANSHU DESAI individually and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)**

1-18.    Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count X, including all subparagraphs, as and for paragraphs 1 through 18 of this Count XI.

19.    That on and subsequent to January 1, 2006, and at all times material, Defendant HIMANSHU DESAI had on its premises aquatic facilities that was under it's direct and exclusive control.

20.    That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant HIMANSHU DESAI, plaintiff would not have contracted legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, HIMANSHU DESAI individually and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

**COUNT XII**
**(Negligence – v. VAIDIK INTERNATIONAL, INC., Individually, and d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)**

1.      Plaintiff restates and re-alleges paragraphs 1 through 6 of the jurisdictional statement as paragraphs 1 through 6 of Count I of Plaintiff's Complaint at Law.

7.      That on or about January 14, 2006, and at the present time, Defendant, VAIDIK INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, owned and operated a hotel located at 2811 Woodland Road, Lincoln, Illinois 62056.

8.      On or about January 14, 2006, and at all times material, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had on its premises a swimming pool and hot tub that was free to use by its guests during operating hours.

9.      On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was a guest at the VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois located at 1128 Woodlawn Road, in the City of Lincoln, County of Logan, State of Illinois.

10.     On or about January 14, 2006, and at all times material, Plaintiff, BONNIE LEISER, was in the vicinity of the pool and hot tub facilities at the VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

11.     On or about January 14, 2006, Plaintiff, BONNIE E. LEISER, used the pool and hot tub facilities during operation hours at the VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

12.     That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became seriously ill and was hospitalized following her stay at the

29

VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

13.    That subsequent to January 14, 2006, and at all times material, Plaintiff, BONNIE E. LEISER, became ill, hospitalized and diagnosed with legionnaires disease as a result of sitting in the legionella infested hot tub and pool at the facilities of Defendant, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois.

14.    That on, before and subsequent to the time period of January 14, 2006, Defendants, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents, servants employees and representatives, had a duty to exercise the highest degree of care and to keep and maintain its hotel and aquatic facilities in a safe and operable manner for its guests.

15.    That on or about January 14, 2006, and at all times material, Defendant, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, had a duty to plaintiff to provide a safe place of residence for the duration of her stay as a paying guest of said hotel.

16.    That on, before, and subsequent to January 14, 2006, and at all times material, the pool and hot tub facilities on the premises of Defendant, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, was in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria.

17.    That on, before and subsequent to the time period of January 14, 2006, and

at all times material, Defendant, VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of

Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois by and through its agents,

employees, servants and representatives, was negligent in one or more of the following

acts and/or omissions:

      a.     Failed to timely and properly treat its aquatic facilities (pool and hotub) with chemicals so as to prevent the formation of legionella bacteria;

      b.     Failed to timely and properly assess the potential for legionella droplet formation;

      c.     Failed to prevent legionella bacteria forming to the point it became airborne;

      d.     Failed to properly maintain water temperatures at a safe and appropriate level so as to prevent formation of legionella bacteria;

      e.     Failed to assess the risk to those who might inhale the legionella droplet and/or airborne formation, specifically any and all hotel guests;

      f.     Failed to properly clean and sanitize the aquatic facilities to as to avoid build up of sediments which harbor legionella bacteria;

      g.     Failed to properly and timely ensure that the aquatic facilities operated safely and correctly to avoid formation of dangerous legionella bacteria;

      h.     Failed to properly and timely keep records of the precautions implemented to keep its aquatic facilities safe;

      i.     Failed to properly and timely take action to ensure the correct and safe operation and maintenance of the water system and plant;

      j.     Failed to properly and timely prepare a scheme for preventing or controlling the risk for the formation of legionella bacteria;

      k.     Failed to properly appoint a person to manage and

maintain the aquatic facilities so as to prevent formation of legionella bacteria;

l.    Failed to properly keep records of maintenance and to ensure that the methods of maintenance used are effective;

m.    Allowed the water in its aquatic facilities to remain stagnant so as to allow the formation of legionella bacteria;

n.    Failed to properly and timely inspect its aquatic facilities;

o.    Was otherwise negligent in the maintenance and operation of its hotel facilities.

18.    That as a direct and proximate result of the negligent acts and/or omissions of the Defendant VAIDIK INTERNATIONAL, INC d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois, Plaintiff, BONNIE E. LEISER, sustained permanent injuries and damages including past and future pain, suffering, disability, embarrassment, worry and mental distress, loss of enjoyment of life, past and future medical expenses and other compensable injuries.

WHEREFORE, Plaintiff, BONNIE LEISER, demands judgment against Defendant, VAIDIK INTERNATIONAL, INC., Individually, and d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

## COUNT XIII
### (Res Ipsa – v. VAIDIK INTERNATIONAL INC. d/b/a Comfort Inn of Lincoln, Illinois and d/b/a Best Western of Lincoln, Illinois)

1-18.    Plaintiff, BONNIE LESIER, restates and incorporates by reference, paragraphs 1 through 18 of Count XII, including all subparagraphs, as and for paragraphs 1 through 18 of this Count XIII.

19.    That on and subsequent to January 1, 2006, and at all times material,

32

Defendant VAIDIK INTERNATIONAL had on its premises aquatic facilities that was under it's direct and exclusive control.

20.    That on and subsequent to January 1, 2006, and at all times material, but for the negligence of defendant VAIDIK INTERNATIONAL, plaintiff would not have contracted legionnaires disease.

WHEREFORE, Plaintiff, BONNIE LESIER, demands judgment against Defendant, VAIDIK INTERNATIONAL, INC. d/b/a Comfort Inn of Lincoln, Illinois and/or d/b/a Best Western of Lincoln, Illinois in excess of $75,000.00 in addition to the costs of this suit.

Respectfully Submitted,


By:___s/ThomasM.Lake_____
Attorney(s) for Plaintiff

Thomas M. Lake
Patrick E. Halliday (#6281828)
DUDLEY & LAKE LLC
100 E. Cook Ave,
Suite 200
Libertyville, IL  60048