**E-FILED**
Tuesday, 05 February, 2008  04:28:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BONNIE E. LEISER, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 07-3254 |
| v. | ) | |
| | ) | Judge: Byron G. Cudmore |
| SWAGAT GROUP, LLC, Individually and | ) | |
| d/b/a as COMFORT INN OF LINCOLN, IL | ) | |
| and/or d/b/a THE BEST WESTERN OF | ) | |
| LINCOLN, IL; CHOICE HOTELS | ) | |
| INTERNATIONAL, INC. and VASANT | ) | |
| PATEL, Individually, HIMANSHU M. DESAI, | ) | |
| Individually, VIJAY C. PATEL, Individually, | ) | |
| and VAIDIK INTERNATIONAL, INC., | ) | |
| Defendants/Cross-Claimants | ) | |

## ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIM

COMES NOW the Defendant, CHOICE HOTELS INTERNATIONAL, INC., by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Answer to Plaintiff's Amended Complaint and Cross-Claim, states as follows:

### COUNTS I - II

Defendant, CHOICE HOTELS INTERNATIONAL, INC., makes no answer to Counts I-II of Plaintiff's Amended Complaint, as those Counts are not directed at this Defendant.

### COUNT III

1.      Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 1, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

2.      Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 2, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

60170292v1 882662

3.　　Defendant, Choice Hotels International, Inc., admits the allegations contained in paragraph 3 of Count III of Plaintiff's Amended Complaint.

4.　　Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 4, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

5.　　Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 5, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

6.　　Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 6, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

7.　　Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL, and denies that it owned and operated a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656, and, therefore, denies the allegations of paragraph 7 of Count III.

8.　　Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656 and, therefore, denies the allegations of paragraph 8 of Count III.

9.　　Defendant, Choice Hotels International, Inc. denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations that on or about January 14, 2006, Bonnie Leiser was a guest of the hotel described in Plaintiff's

60170292v1 882662

Amended Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 9 and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

10.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations that Bonnie Leiser was in the vicinity of the pool and hot tub facilities as described in Plaintiff's Amended Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 10 and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

11.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations of paragraph 11 that Bonnie Leiser used the pool and hot tub facilities during operation hours of the hotel as described in Plaintiff's Amended Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 11, and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

12.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations of paragraph 12 that Bonnie Leiser became seriously ill and was hospitalized following her stay at the hotel described in Plaintiff's Amended Complaint, Defendant has insufficient knowledge to

60170292v1 882662

form a belief as to the truth or falsity of those allegations of paragraph 12 and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

13.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656.  As to the allegations of paragraph 13 that subsequent to January 14, 2006, Bonnie Leiser became ill and was hospitalized and diagnosed with Legionnaire's Disease as a result of sitting in a legionella-infected hot tub and pool as described in Plaintiff's Amended Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 13 and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

14.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656.  Further answering, Defendant, Choice Hotels International, Inc., denies that it employed or controlled any agents, servants, employees, or representatives at the facilities and premises described by Plaintiff in her Amended Complaint and, therefore, denies the allegations contained in paragraph 14 and, specifically, denies that it owed a duty of care to the Plaintiff.

15.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656.  Therefore, Defendant, Choice Hotels International, Inc. denies all allegations of paragraph 15.

16.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated,

60170292v1 882662

or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656. In response to Plaintiff's allegations in paragraph 16 that the pool and hot tub facilities as described in Plaintiff's Amended Complaint were in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which causes Legionnaire's Disease, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

17.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, and denies that it employed or controlled any agents, employees, servants or representatives at the facilities and premises described in Plaintiff's Amended Complaint and, therefore, denies the allegations contained in paragraph 17, including sub-paragraphs a through o contained therein.

18.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel at 2811 Woodlawn Road, Lincoln, IL 62656 and, therefore, denies that any acts or omissions of the Defendant, Choice Hotels International, Inc., were the proximate result or cause of any injuries or damages to the Plaintiff. As to the allegations that Plaintiff sustained injuries as described in paragraph 18 of her Amended Complaint, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 18 and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

5

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC., prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER, as to all relief sought in Plaintiff's Amended Complaint and that CHOICE HOTELS INTERNATIONAL, INC., be awarded its costs of suit and any other relief this Court deems just.

## AFFIRMATIVE DEFENSES

As and for Defendant's Affirmative Defenses to Count III of Plaintiff's Amended Complaint, Defendant states as follows:

1.      Defendant was not the owner of the property identified in Plaintiff's Amended Complaint.

2.      Defendant was not the operator of the property identified in Plaintiff's Amended Complaint.

3.      Defendant did not hold itself out as owning or operating the property identified in Plaintiff's Amended Complaint.

4.      Defendant owed no duty of care to the Plaintiff as alleged in the Amended Complaint.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Amended Complaint, and that CHOICE HOTELS INTERNATIONAL, INC. be awarded its costs of suit and any other relief this Court deems just.

## COUNT IV

1.-18.  Defendant, Choice Hotels International, Inc., repeats and realleges its Answers to paragraphs 1-18 of Count III, as and for its answers to paragraphs 1-18 of Count IV, as if same were set forth fully herein.

6

60170292v1 882662

19.     Defendant, Choice Hotels International, Inc., denies that it ever did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it has ever owned, operated or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656 and, therefore, denies the allegations of paragraph 19.

20.     Defendant, Choice Hotels International, Inc., denies that it ever did business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it has ever owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656, and denies that any acts or omissions of Defendant, Choice Hotels International, Inc., were negligent or a cause of Plaintiff allegedly contracting Legionnaire's Disease, and, therefore, denies the allegations of paragraph 20.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Amended Complaint, and that CHOICE HOTELS INTERNATIONAL, INC. be awarded its costs of suit and any other relief this Court deems just.

## AFFIRMATIVE DEFENSES

As and for Defendant's Affirmative Defenses to Count IV of Plaintiff's Amended Complaint, Defendant states as follows:

1.     Defendant was not the owner of the property identified in Plaintiff's Amended Complaint.

2.     Defendant was not the operator of the property identified in Plaintiff's Amended Complaint.

3.     Defendant did not hold itself out as owning or operating the property identified in Plaintiff's Amended Complaint.

7

60170292v1 882662

4.    Defendant owed no duty of care to the Plaintiff as alleged in the Amended Complaint.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Amended Complaint, and that CHOICE HOTELS INTERNATIONAL, INC. be awarded its costs of suit and any other relief this Court deems just.

## COUNT V

1.-6.    Defendant, Choice Hotels International, Inc., repeats and realleges its answers to paragraphs 1 through 6 of Count III, as and for its answers to paragraphs 1 through 6 of Count V, as if same were set forth fully herein.

7.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656.   Therefore, Defendant, Choice Hotels International, Inc., denies the allegations of paragraph 7 of Count V.

8.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656.  Further answering, Defendant, Choice Hotels International, Inc., denies that it held out Swagat Group, LLC d/b/a Comfort Inn and/or Best Western, or Vaidik International, Inc. d/b/a Comfort Inn and/or Best Western, as a Choice Hotels International, Inc. hotel.  Further answering, as to the allegations that Plaintiff relied on the quality of such hotels when selecting the hotel described in Plaintiff's Amended Complaint, Defendant, Choice Hotels International, Inc., has insufficient knowledge to

8

form a belief as to the truth or falsity of those allegations and, therefore, neither admits nor denies said allegations and leaves Plaintiff to her burden of proof.

9.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. Further answering, Defendant, Choice Hotels International, Inc., denies that it ever employed or controlled any agents, employees, servants or service representatives at the facilities and premises described by Plaintiff in her Amended Complaint and, specifically, denies that Swagat Group, LLC., Vaidik International, Inc., Vasant Patel, Vijay Patel, and Himanshu Desai were agents or employees of the Defendant, Choice Hotels International, Inc., at any time and, therefore, denies the allegations of paragraph 9.

10.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. Defendant, Choice Hotels International, Inc., denies that it employed or controlled any agents, employees, servants or service representatives at the facilities and premises described by Plaintiff in her Amended Complaint and, specifically, denies that Swagat Group, LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel and Himanshu Desai were agents or employees of Choice Hotels International, Inc. Further answering, because Swagat Group, LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel and Himanshu Desai were never employees, agents or representatives of Choice Hotels International, Inc. Defendant, Choice Hotels International, Inc. denies that any acts of Swagat Group, LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel or Himanshu Desai were within the scope of any agency or employment relationship between those individuals and

9

entities and Choice Hotels International, Inc., and, therefore, denies the allegations of paragraph 10.

11.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. Further answering, Defendant, Choice Hotels International, Inc., denies that it held out as employees or agents of Choice Hotels International, Inc., Swagat Group, LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel or Himanshu Desai, and, therefore, denies the allegations of paragraph 11.

12.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656 and, therefore, denies the allegations of paragraph 12.

13.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. In response to the allegations that Bonnie Leiser was a guest of the hotel described in Plaintiff's Amended Complaint on or about January 14, 2006, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 13 and, therefore, neither admits nor denies said allegations and leaves Plaintiff to her burden of proof.

14.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations

60170292v1 882662

that Bonnie Leiser was in the vicinity of a pool and hot tub facilities as described in Plaintiff's Amended Complaint, Defendant has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 14 and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

15.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656. As to the allegations that Plaintiff, Bonnie Leiser, became seriously ill and was hospitalized following a stay at the hotel described in Plaintiff's Amended Complaint subsequent to January 14, 2006, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 15 and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

16.     Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 16 and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

17.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656, and denies that it owned, controlled or maintained the pool and hot tub facilities described in Plaintiff's Amended Complaint and, therefore, denies those allegations contained in paragraph 17. In response to Plaintiff's allegations that the pool and hot tub facilities as described in Plaintiff's Amended Complaint were in a dangerous and contaminated condition, and that both the spa and pool were infected with legionella bacteria which causes Legionnaire's Disease, Defendant, Choice Hotels

60170292v1 882662

International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 17 and, therefore, neither admits nor denies said allegations, and leaves the Plaintiff to her burden of proof.

18.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656, and denies that it owned, controlled or maintained the hot tub and pool facilities described in Plaintiff's Amended Complaint and therefore denies those allegations of paragraph 18.  As to the allegations, in paragraph 18 that Plaintiff became ill and was hospitalized and diagnosed with Legionnaire's Disease as a result of her stay at the premises described in Plaintiff's Amended Complaint, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations and, therefore, neither admits nor denies said allegations and leaves Plaintiff to her burden of proof.

19.    Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656.  Further answering, Defendant, Choice Hotels International, Inc., denies that it employed or controlled any agents, employees, servants, or service representatives at the facilities and premises described by Plaintiff in her Amended Complaint and denies specifically that Swagat Group LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel or Himanshu Desai were agents, employees or representatives of Choice Hotels International, Inc., and, therefore, denies that Choice Hotels International, Inc. owed any duty of care to the Plaintiff as alleged in paragraph 19.

60170292v1 882662

20.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656 and denies that it employed or controlled any agents, employees, servants or service representatives, at the facilities and premises described by Plaintiff in her Amended Complaint and denies that Swagat Group LLC, Vaidik International, Inc., Vasant Patel, Vijay Patel or Himanshu Desai, were employees, agents or representatives of Choice Hotels International, Inc. and, therefore, denies the allegations contained in paragraph 20 including sub-paragraphs a through n contained therein.

21.     Defendant, Choice Hotels International, Inc., denies that it has ever done business as Comfort Inn of Lincoln, IL or Best Western of Lincoln, IL and denies that it owned, operated, or maintained a hotel located at 2811 Woodlawn Road, Lincoln, IL 62656.  Therefore, Choice Hotels International, Inc. denies that any act or omission of Choice Hotels International, Inc. was the proximate result or cause of any injuries to the Plaintiff, Bonnie Leiser, as alleged in paragraph 21.  As to the allegations that Plaintiff, Bonnie Leiser, suffered the injuries described therein, Defendant, Choice Hotels International, Inc., has insufficient knowledge to form a belief as to the truth or falsity of those allegations of paragraph 21 and, therefore, neither admits nor denies said allegations, and leaves Plaintiff to her burden of proof.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Amended Complaint, and that CHOICE HOTELS INTERNATIONAL, INC. be awarded its costs of suit and any other relief this Court deems just.

13

60170292v1 882662

## AFFIRMATIVE DEFENSES

As and for Defendant's Affirmative Defenses to Count V of Plaintiff's Amended Complaint, Defendant states as follows:

1.    Defendant was not the owner of the property identified in Plaintiff's Amended Complaint.

2.    Defendant was not the operator of the property identified in Plaintiff's Amended Complaint.

3.    Defendant did not hold itself out as owning or operating the property identified in Plaintiff's Amended Complaint.

4.    Defendant owed no duty of care to the Plaintiff as alleged in the Amended Complaint.

WHEREFORE, Defendant, CHOICE HOTELS INTERNATIONAL, INC. prays that judgment be entered in its favor and against Plaintiff, BONNIE LEISER as to all relief sought in Plaintiff's Amended Complaint, and that CHOICE HOTELS INTERNATIONAL, INC. be awarded its costs of suit and any other relief this Court deems just.

## COUNT VI - XIII

Defendant, CHOICE HOTELS INTERNATIONAL, INC., makes no answer to Counts VI-XIII of Plaintiff's Amended Complaint, as those Counts are not directed at this Defendant.

## CROSS-CLAIM

COMES NOW the Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., by and through its attorneys, HINSHAW & CULBERTSON LLP, and pursuant to FRCP

14

13(g), for its Cross-Claim against Defendant/Cross-defendants, SWAGAT GROUP, LLC, VASANT PATEL, HIMANSHU M. DESAI, VIJAY C. PATEL and VAIDIK INTERNATIONAL INC., states as follows:

## COUNT I – EXPRESS INDEMNITY

### SWAGAT Group, LLC

1.    Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

2.    That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels and SWAGAT Group, LLC, Choice Hotels granted a license to SWAGAT Group for the use of Choice Hotel's trademarks and logos in SWAGAT's operation of the hotel.

3.    That SWAGAT Group, LLC obligated itself to the following terms and conditions pursuant to the Franchise Agreement:

> **13.    Indemnification**
>
> You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

4.    That the claims alleged by Plaintiff are claims for which indemnification is provided to Choice Hotels as stated in the Indemnification provision of the Franchise Agreement.

15

5.     That should Choice Hotels be found liable pursuant to the allegations of the Plaintiff contained in her Amended Complaint, Choice Hotels is entitled to express indemnity from SWAGAT Group, LLC, for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-defendant, SWAGAT Group, LLC in the amount of damages rendered against it should CHOICE HOTELS INTERNATIONAL INC. be determined liable to Plaintiff in the above-referenced matter together with an award of attorneys' fees and costs for its defense of this suit and for any other relief this Court deems just.

## COUNT II – IMPLIED INDEMNITY

### SWAGAT Group, LLC

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

2.     Plaintiff has alleged that Choice Hotels is liable for the acts of its agents in the operation of the Hotel owned and operated by SWAGAT Group, LLC.

3.     To the extent that Choice Hotels is found liable to Plaintiff, and to the extent that Choice Hotels is found vicariously liable for the acts of SWAGAT Group, LLC, Choice Hotels is entitled to implied indemnity from SWAGAT Group, LLC.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-defendant SWAGAT Group LLC, should CHOICE HOTELS INTERNATIONAL INC. be determined liable to Plaintiff in

16

60170292v1 882662

the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT III – CONTRIBUTION
### SWAGAT Group, LLC

1.      Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for alleged injuries while allegedly a guest at a hotel owned and operated by SWAGAT Group, LLC, at 2811 Woodlawn Road, Lincoln, IL 62656.

2.      Plaintiff has sought recovery for injuries allegedly sustained as a result of her contraction of Legionnaire's Disease from the operation and maintenance of the aquatic facilities described in Plaintiff's Amended Complaint.

3.      That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same injury to a person, and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

4.      That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Amended Complaint is due to the acts of SWAGAT Group, LLC, and any injuries allegedly flowing from said acts were proximately caused by SWAGAT Group, LLC.

5.      That any injuries to the Plaintiff, and any damages assessed against Choice Hotels pursuant to the allegations of Plaintiff's Amended Complaint, are due to the acts and/or

17

omissions, if any, of SWAGAT Group, LLC, which is the sole proximate cause of any such injuries or damages.

6.    That should Choice Hotels be found liable, it is entitled to contribution from SWAGAT Group, LLC for its pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-defendant, SWAGAT Group, LLC for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, INC. or, in the alternative, awarded judgment in an amount equal to SWAGAT GROUP LLC's pro rata share of liability for Plaintiff's damages and that Defendant be awarded its costs of suit and any other relief this Court deems just.

## COUNT IV – EXPRESS INDEMNITY

### Vasant Patel, Individually

1.    Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries sustained while allegedly a guest at a hotel owned and operated by Vasant Patel, Individually.

2.    That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels and SWAGAT Group, LLC, of which Vasant Patel is a member, and Vasant Patel Individually, Choice Hotels granted a license to SWAGAT Group, LLC. and its member, Vasant Patel for the use of Choice Hotel's trademarks and logos in SWAGAT's and Vasant Patel's operation of the hotel.

60170292v1 882662

3.    That SWAGAT and Vasant Patel obligated themselves to the following terms and conditions within the Franchise Agreement:

### 13.    Indemnification

You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

4.    That should Choice Hotels be found liable pursuant to the allegations of Plaintiff in her Amended Complaint, Choice Hotels is entitled to express indemnity from Vasant Patel for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-defendant should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against CHOICE HOTELS INTERNATIONAL, INC. together with an award of attorneys' fees and costs for its defense of this suit and for any other relief this Court deems just.

### COUNT V – IMPLIED INDEMNITY

### Vasant Patel, Individually

1.    Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries while allegedly a guest at a hotel owned and operated by Vasant Patel, at 2811 Woodlawn Road, Lincoln, IL 62656.

60170292v1 882662

2.      Plaintiff has alleged that Choice Hotels is liable for the acts of its agents in the operation of the Hotel owned and operated by Vasant Patel.

3.      To the extent that Choice Hotels is found liable to Plaintiff, and to the extent that Choice Hotels is found vicariously liable for the acts of Vasant Patel, Choice Hotels is entitled to implied indemnity from Vasant Patel.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-defendant VASANT PATEL, Individually, should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT VI – CONTRIBUTION

### Vasant Patel, Individually

1.      Defendant/Cross-claimant, Choice Hotels International, Inc., (hereinafter "Choice Hotels") has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser (hereinafter "Leiser") for injuries while allegedly a guest at a hotel owned and operated by Vasant Patel, at 2811 Woodlawn Road, Lincoln, IL 62656.

2.      Plaintiff has sought recovery for injuries allegedly sustained as a result of her alleged contraction of Legionnaire's Disease in the operation and maintenance of the aquatic facilities described in Plaintiff's Amended Complaint.

3.      That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same

60170292v1 882662

injury to person or the same wrongful death and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

4.     That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Amended Complaint is due to the acts of VASANT PATEL, Individually, and any injuries allegedly flowing from said acts are proximately caused by VASANT PATEL, Individually.

5.     That any injuries to the Plaintiff, and any damages assessed against Choice Hotels pursuant to the allegations of Plaintiff's Amended Complaint, are due to the acts and/or omissions, if any, of VASANT PATEL, which is the sole proximate cause of any such injuries or damages.

6.     That should Choice Hotels be found liable, it is entitled to contribution from VASANT PATEL for his pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-defendant, VASANT PATEL, Individually, for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, INC. or, in the alternative, awarded judgment in an amount equal to VASANT PATEL's pro rata share of liability for Plaintiff's damages, and that Defendant be awarded its costs of suit and any other relief this Court deems just

## COUNT VII – EXPRESS INDEMNITY

### Himanshu M. Desai, Individually

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly

21

sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, HIMANSHU M. DESAI, Individually, Vijay C. Patel Individually, and Vaidik International Inc. (hereinafter "Franchisees").

      2.     That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels International, Inc. and Franchisees, Choice Hotels International, Inc. granted a license to Franchisees for the use of Choice Hotel's trademarks and logos in the operation of their hotel.

      3.     That pursuant to the Franchise Agreement, Franchisees, including HIMANSHU M. DESAI, individually, obligated themselves to the following terms and conditions within the Franchise Agreement:

### 13.   Indemnification

You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

      4.     That the claims alleged by Plaintiff are claims for which indemnification is provided to Choice Hotels International in the Indemnification provision of the Franchise Agreement.

      5.     That Franchisees, and HIMANSHU M. DESAI Individually, jointly and severally promised to indemnify Choice Hotels International from any claims asserted against it for their acts or omissions in the operation of the hotel.

22

6.     That should Choice Hotels International, Inc. be found liable pursuant to the allegations of Plaintiff in her Amended Complaint, Choice Hotels International, Inc. is entitled to express indemnity from HIMANSHU M. DESAI, for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-Defendant, HIMANSHU M. DESAI, should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, together with an award of attorneys' fees and costs for its defense of this suit, and for any other relief this Court deems just.

## COUNT VIII – IMPLIED INDEMNITY

### Himanshu M. Desai, Individually

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, HIMANSHU M. DESAI, Individually, Vijay C. Patel Individually, and Vaidik International Inc. (hereinafter "Franchisees").

2.     Plaintiff has alleged that Choice Hotels International, Inc. is liable for the acts of its alleged agents in the operation of the Hotel owned and operated by HIMANSHU M. DESAI.

3.     To the extent that Choice Hotels International, Inc. is found liable to Plaintiff, and to the extent that Choice Hotels International, Inc. is found vicariously liable for the acts of HIMANSHU M. DESAI, Choice Hotels International, Inc. is entitled to implied indemnity from HIMANSHU M. DESAI.

23

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-Defendant HIMANSHU M. DESAI, Individually, should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT IX – CONTRIBUTION

### Himanshu M. Desai, Individually

1.      Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, HIMANSHU M. DESAI, Individually, Vijay C. Patel Individually, and Vaidik International Inc. (hereinafter "Franchisees").

2.      Plaintiff has sought recovery for injuries allegedly sustained as a result of her alleged contraction of Legionnaire's Disease. She has alleged that these injuries are a result of the operation and maintenance of the aquatic facilities described in Plaintiff's Amended Complaint.

3.      That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same injury to person and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

24

4.     That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Amended Complaint is due to the acts of HIMANSHU M. DESAI, Individually, and any injuries allegedly flowing from said acts are proximately caused by HIMANSHU M. DESAI, Individually.

5.     That any injuries to the Plaintiff, and any damages assessed against Choice Hotels International, Inc. pursuant to the allegations of Plaintiff's Amended Complaint, are due to the acts and/or omissions, if any, of HIMANSHU M. DESAI, which are the sole proximate cause of any such injuries or damages.

6.     That should Choice Hotels International, Inc. be found liable, it is entitled to contribution from HIMANSHU M. DESAI for his pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Cross-Defendant, HIMANSHU M. DESAI, Individually for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, INC. or, in the alternative, awarded judgment in an amount equal to HIMANSHU M. DESAI's pro rata share of liability for Plaintiff's damages, and that Defendant be awarded its costs of suit and any other relief this Court deems just.

## COUNT X – EXPRESS INDEMNITY

### Vijay C. Patel, Individually

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai,

25

Individually, VIJAY C. PATEL, Individually, and Vaidik International Inc. (hereinafter "Franchisees").

2.    That pursuant to a Franchise Agreement effective February 15, 2001 between Choice Hotels International, Inc. and Franchisees, Choice Hotels International, Inc. granted a license to Franchisees for the use of Choice Hotel's trademarks and logos in the operation of their hotel.

3.    That pursuant to the Franchise Agreement, Franchisees, including VIJAY C. PATEL, individually, obligated themselves to the following terms and conditions within the Franchise Agreement:

> **13.    Indemnification**
>
> You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents, and employees (the "indemnified parties") from any claim, loss, cost, damage, expense and liability (a "Claim") including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, by your (or your agent's or employee's) error, omission, act, or failure, even where negligence of an Indemnified Party is alleged. . . .

4.    That the claims alleged by Plaintiff are claims for which indemnification is provided to Choice Hotels International in the Indemnification provision of the Franchise Agreement.

5.    That Franchisees, and VIJAY C. PATEL, Individually, jointly and severally promised to indemnify Choice Hotels International from any claims asserted against it for their acts or omissions in the operation of the hotel.

60170292v1 882662

6.    That should Choice Hotels International, Inc. be found liable pursuant to the allegations of Plaintiff in her Amended Complaint, Choice Hotels International, Inc. is entitled to express indemnity from VIJAY C. PATEL, for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-Defendant, VIJAY C. PATEL should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, together with an award of attorneys' fees and costs for its defense of this suit, and for any other relief this Court deems just.

## COUNT XI – IMPLIED INDEMNITY

### Vijay C. Patel, Individually

1.    Defendant/Cross-Claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai, Individually, VIJAY C. PATEL, Individually, and Vaidik International Inc. (hereinafter "Franchisees").

2.    Plaintiff has alleged that Choice Hotels International, Inc. is liable for the acts of its alleged agents in the operation of the Hotel owned and operated by VIJAY C. PATEL, Individually.

3.    To the extent that Choice Hotels International, Inc. is found liable to Plaintiff, and to the extent that Choice Hotels International, Inc. is found vicariously liable for the acts of

60170292v1 882662

VIJAY C. PATEL, Individually, Choice Hotels International, Inc. is entitled to implied indemnity from VIJAY C. PATEL, Individually.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-Defendant VIJAY C. PATEL, Individually, should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT XII – CONTRIBUTION
### Vijay C. Patel, Individually

1.      Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai, Individually, VIJAY C. PATEL, Individually, and Vaidik International Inc. (hereinafter "Franchisees").

2.      Plaintiff has sought recovery for injuries allegedly sustained as a result of her alleged contraction of Legionnaire's Disease. She has alleged that these injuries are a result of the operation and maintenance of the aquatic facilities described in Plaintiff's Amended Complaint.

3.      That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same

60170292v1 882662

injury to person and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

    4.    That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Amended Complaint is due to the acts of VIJAY C. PATEL, Individually, and any injuries allegedly flowing from said acts are proximately caused by VIJAY C. PATEL.

    5.    That any injuries to the Plaintiff, and any damages assessed against Choice Hotels International, Inc. pursuant to the allegations of Plaintiff's Amended Complaint, are due to the acts and/or omissions, if any, of VIJAY C. PATEL, Individually, which are the sole proximate cause of any such injuries or damages.

    6.    That should Choice Hotels International, Inc. be found liable, it is entitled to contribution from VIJAY C. PATEL, Individually, for his pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

    WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-Defendant, VIJAY C. PATEL, Individually for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, INC. or, in the alternative, awarded judgment in an amount equal to VIJAY C. PATEL's pro rata share of liability for Plaintiff's damages and that Defendant be awarded its costs of suit and any other relief this Court deems just.

## COUNT XIII – EXPRESS INDEMNITY

### Vaidik International, Inc.

    1.    Defendant/Cross-Claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly

60170292v1 882662

sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned

and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai,

Individually, Vijay C. Patel, Individually, and VAIDIK INTERNATIONAL, INC. (hereinafter

"Franchisees").

2.     That pursuant to a Franchise Agreement effective February 15, 2001 between

Choice Hotels International, Inc. and Franchisees, Choice Hotels International, Inc. granted a

license to Franchisees for the use of Choice Hotel's trademarks and logos in the operation of

their hotel.

3.     That pursuant to the Franchise Agreement, Franchisees, including VAIDIK

INTERNATIONAL, INC. obligated themselves to the following terms and conditions within the

Franchise Agreement:

> **13.     Indemnification**
>
> You must defend, indemnify and hold harmless us, our affiliates
> and subsidiaries, our and their respective officers, directors, agents,
> and employees (the "indemnified parties") from any claim, loss,
> cost, damage, expense and liability (a "Claim") including
> reasonable attorneys' fees (whether or not a lawsuit has been filed)
> and any court costs, resulting from any damage or loss, including
> personal injury, of any nature, connected with the Hotel
> construction or operation, or any facilities that are managed by
> others in the Hotel, or out of, or as a result of, by your (or your
> agent's or employee's) error, omission, act, or failure, even where
> negligence of an Indemnified Party is alleged. . . .

4.     That the claims alleged by Plaintiff are claims for which indemnification is

provided to Choice Hotels International in the Indemnification provision of the Franchise

Agreement.

5.     That Franchisees, and VAIDIK INTERNATIONAL, INC., jointly and severally

promised to indemnify Choice Hotels International from any claims asserted against it for their

acts or omissions in the operation of the hotel.

60170292v1 882662

6.     That should Choice Hotels International, Inc. be found liable pursuant to the allegations of Plaintiff in her Amended Complaint, Choice Hotels International, Inc. is entitled to express indemnity from VAIDIK INTERNATIONAL, INC, for all damages.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Defendant/Cross-Defendant, VAIDIK INTERNATIONAL, INC should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, together with an award of attorneys' fees and costs for its defense of this suit, and for any other relief this Court deems just.

## COUNT XIV – IMPLIED INDEMNITY

### Vaidik International, Inc.

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai, Individually, Vijay C. Patel, Individually, and VAIDIK INTERNATIONAL, INC. (hereinafter "Franchisees").

2.     Plaintiff has alleged that Choice Hotels International, Inc. is liable for the acts of its alleged agents in the operation of the Hotel owned and operated by VAIDIK INTERNATIONAL, INC.

3.     To the extent that Choice Hotels International, Inc. is found liable to Plaintiff, and to the extent that Choice Hotels International, Inc. is found vicariously liable for the acts of

31

VAIDIK INTERNATIONAL, INC., Choice Hotels International, Inc. is entitled to implied indemnity from VAIDIK INTERNATIONAL, INC.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment in its favor and against Cross-Defendant VAIDIK INTERNATIONAL, INC., should CHOICE HOTELS INTERNATIONAL, INC. be determined liable to Plaintiff in the above-referenced matter in the amount of damages rendered against it, and for any other relief this Court deems just.

## COUNT XV – CONTRIBUTION

### Vaidik International, Inc.

1.     Defendant/Cross-claimant, Choice Hotels International, Inc., has been named a Defendant in the above-referenced action by Plaintiff, Bonnie E. Leiser for injuries allegedly sustained while allegedly a guest at a hotel at 2811 Woodlawn Road, Lincoln, IL 62656, owned and operated by Swagat Group LLC, Vasant Patel, Individually, Himanshu M. Desai, Individually, Vijay C. Patel, Individually, and VAIDIK INTERNATIONAL, INC. (hereinafter "Franchisees").

2.     Plaintiff has sought recovery for injuries allegedly sustained as a result of her alleged contraction of Legionnaire's Disease. She has alleged that these injuries are a result of the operation and maintenance of the aquatic facilities described in Plaintiff's Amended Complaint.

3.     That there exists in the State of Illinois a statute commonly referred to as the Contribution Among Joint Tort Feasors Act (740 ILCS 100/1 *et seq*) which provides for a right of contribution where two or more persons are subject to liability in tort arising out of the same

32

injury to person and that there is a right of contribution among them, even though judgment has not been entered against any or all of them.

4.      That any liability for the failure to properly maintain the aquatic facilities as described in Plaintiff's Amended Complaint is due to the acts of VAIDIK INTERNATIONAL, INC., and any injuries allegedly flowing from said acts are proximately caused by VAIDIK INTERNATIONAL, INC.

5.      That any injuries to the Plaintiff, and any damages assessed against Choice Hotels International, Inc. pursuant to the allegations of Plaintiff's Amended Complaint, are due to the acts and/or omissions, if any, of VAIDIK INTERNATIONAL, INC., which are the sole proximate cause of any such injuries or damages.

6.      That should Choice Hotels International, Inc. be found liable, it is entitled to contribution from VAIDIK INTERNATIONAL, INC, for its pro rata share of liability attributable to the cause of Plaintiff's alleged injuries.

WHEREFORE, Defendant/Cross-claimant, CHOICE HOTELS INTERNATIONAL, INC., respectfully requests judgment be entered in its favor and against Defendant/Cross-Defendant, VAIDIK INTERNATIONAL, INC. for the entire amount of any judgment entered against CHOICE HOTELS INTERNATIONAL, INC. or, in the alternative, awarded judgment in an amount equal to VAIDIK INTERNATIONAL, INC.'s pro rata share of liability for Plaintiff's damages and that Defendant be awarded its costs of suit, and any other relief this Court deems just.

60170292v1 882662

Dated:     January 25, 2008                    Respectfully submitted,


                                               /s/ John E. Nolan
                                               John E. Nolan
                                               Hinshaw & Culbertson LLP
                                               400 South Ninth Street
                                               Suite 200
                                               Springfield, IL 62701
                                               Telephone: 217-528-7375
                                               Facsimile: 217-528-0075
                                               Attorney Bar No. 62070472
                                               jnolan@hinshawlaw.com

60170292v1 882662

## <u>CERTIFICATE OF SERVICE</u>

I hereby state that on January 25, 2008, the undersigned electronically filed the foregoing document on behalf of Defendant, CHOICE HOTELS INTERNATIONAL, INC., with the Clerk of the Court of the U.S. District Court, Central District, using CM-ECF system which will send notification of such filing to the following:

tlake@dudleylake.com

aharless@hrva.com

/s/ John E. Nolan
HINSHAW & CULBERTSON LLP
400 S. 9th, Suite 200
Springfield, IL 62701
(217) 528-7375
(217) 528-0075 (Facsimile)
jnolan@hinshawlaw.com
Attorney Bar No. 62070472

60170292v1 882662