E-FILED
Friday, 23 May, 2008  04:07:12 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BONNIE E. LEISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3254 |
| | ) | |
| SWAGAT GROUP, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Freeze Defendants' Assets (d/e 58) (Motion).  The evidence fails to show that Plaintiff is entitled to a temporary restraining order (TRO).  The request for a TRO therefore is denied.

## FACTS

According to Plaintiff's Complaint (d/e 1), on or about January 14, 2006, Plaintiff contracted Legionnaires' disease after using the pool and hot tub at the Comfort Inn of Lincoln, Illinois, d/b/a the Best Western of Lincoln, Illinois (the Hotel).  Defendants owned and operated the hotel or

worked as its employees or agents.  Plaintiff charges Defendants with negligence.

Along with her Motion, Plaintiff submitted an Affidavit by her attorney stating that counsel for all Defendants but Choice Hotels International, Inc. (Choice Hotels) had informed him that the Hotel had been sold for an undisclosed amount between $500,000.00 and $700,000.00.  Plaintiff asserts that Defendants' insurers will deny coverage for her injuries; Plaintiff argues that the proceeds from the sale of the Hotel represent the only possible source for recovery of an award of damages in this case.

In her Motion, Plaintiff asked the Court to freeze all of the Defendants' assets pertaining to the sale of the Hotel.  In a telephone hearing held May 16, 2008, however, Plaintiff's counsel clarified that it believed all proceeds from the Hotel sale were contained within one bank account, and it sought to freeze only that bank account.  Defendant Choice Hotels' counsel argued that it had no ownership or control over this bank account.

## ANALYSIS

Plaintiff failed to establish the right to a TRO.  To secure a TRO or

other preliminary injunctive relief, the moving party must show that: (1) she is likely to prevail on the merits; (2) no adequate remedy at law, exists; and (3) if the preliminary relief is denied, she will suffer irreparable harm. Grossbaum v. Indianapolis-Marion County Bldg. Authority, 63 F.3d 581, 585 (7th Cir. 1995). Here, Plaintiff failed to establish any of these elements.

First, the Court notes that Plaintiff presented only counsel's Affidavit and the Complaint in support of her Motion. Because the Complaint is unverified, it does not constitute evidence, which leaves the Court only counsel's Affidavit to consider. The Affidavit concerns the sale of the Hotel; it does not address the facts underlying Plaintiff's claims. From this evidence, the Court cannot conclude that Plaintiff is likely to succeed on the merits.

Second, Plaintiff has not persuaded the Court that no adequate remedy at law exists. Under Federal Rule of Civil Procedure 64(a), "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Illinois has an attachment statute, 735 ILCS 5/4-101, which Plaintiff failed to establish would be inadequate here. Court-ordered attachments, even those designed to protect

3

ultimate relief, are considered legal, not equitable.  In re Casal, 998 F.2d 28, 32 (1st Cir. 1993).  Thus, Plaintiff failed to establish that no adequate legal remedy exists.  See EBSCO Industries, Inc. v. Lilly, 840 F.2d 333, 336 (6th Cir. 1988) (holding that "a preliminary injunction may not be granted unless there are valid findings that the legal remedy provided by the state's attachment statutes under Rule 64 is inadequate").

Moreover, Plaintiff seeks only damages, which need not originate with the sale of the Hotel.  Thus, Plaintiff's Complaint demands only a legal remedy; no equitable claim is at issue.  Moreover, as the Supreme Court has noted, a "well-established general rule" requires a judgment establishing a debt before a court can interfere with the debtor's use of his property.  Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, 527 U.S. 308, 321 (1999).  Federal courts can grant preliminary equitable relief, such as a TRO, only if the complaint asserts an equitable claim and the right to an equitable remedy and if the preliminary relief sought is of the same character as the claim at issue.  See In re Teknek, LLC, 343 B.R. 850, 868 (Bankr.N.D. Ill. 2006) ("[T]his Court may not use preliminary equitable relief under federal law--relief such as a TRO or preliminary injunction under Federal Rule of Civil Procedure 65 . . . --to 'freeze' the assets of

defendants pending resolution of a trial on the merits of a nonjudgment creditor's 'legal' claim."). Plaintiff's Complaint does not assert an equitable claim or the right to an equitable remedy, and the requested preliminary relief is not of the same character as the claims at issue.

Third, Plaintiff did not establish the probability of irreparable harm. The Court has seen no evidence establishing that Plaintiff's only hope of collecting a potential damages' award rests with the proceeds from the sale of the Hotel. At the telephone hearing, Plaintiff's counsel informed the Court that a parallel case regarding the applicability of Defendants' insurance policies is proceeding in another court, but evidently that litigation has not concluded. Even assuming Defendants' insurance policies will not cover the claims at issue, however, Defendants may have other funds from which they can pay a damages' award.

Finally, under Federal Rule of Civil Procedure 65(c), the Court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Plaintiff failed to address her ability to provide such security.

THEREFORE, Plaintiff's Motion for Temporary Restraining Order

and Preliminary Injunction to Freeze Defendants' Assets (d/e 58) is DENIED in part. The request for a temporary restraining order is denied. The Court reserves ruling on the request for a preliminary injunction until an evidentiary hearing can be set. If and when Plaintiff is ready for a preliminary injunction hearing, her counsel should contact the Court to schedule one. The Court also reserves ruling on Defendants' request for attorney fees incurred in responding to Plaintiff's Motion. If Defendants wish to pursue this request, they must file a petition supported by affidavit or other competent evidence.

IT IS THEREFORE SO ORDERED.

ENTER:   May 23, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE