E-FILED
Monday, 02 June, 2008  02:06:16 PM
Clerk, U.S. District Court, ILCD

10375-R5911
AEH/jlp

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE E. LEISER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-3254 |
| ) | |
| SWAGAT GROUP, LLC, Individually, and ) | |
| d/b/a COMFORT INN OF LINCOLN, ) | |
| ILLINOIS, and/or d/b/a THE BEST ) | |
| WESTERN OF LINCOLN, ILLINOIS, ) | |
| CHOICE HOTELS INTERNATIONAL, ) | |
| INC., VASANT PATEL, Individually and as ) | |
| agent of Choice Hotels International, ) | |
| HIMANSHU M. DESAI, Individually and as ) | |
| agent of Choice Hotels International, ) | |
| VIJAY C. PATEL, Individually and as ) | |
| agent of Choice Hotels International, and ) | |
| VAIDIK INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION TO FREEZE DEFENDANTS' ASSETS**

NOW COME the Defendants, SWAGAT GROUP, LLC, d/b/a COMFORT INN OF LINCOLN, VASANT PATEL, HIMANSHU M. DESAI, VIJAY C. PATEL, and VAIDIK INTERNATIONAL, INC., by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Response to Plaintiff's Motion for Preliminary Injunction to Freeze Defendants' Assets state as follows:

1.   The Plaintiff filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction to Freeze Defendants' Assets on May 16, 2008.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

10375-R5911
AEH/jlp

2. For the reasons set forth in the Court's Order denying the Plaintiff's Motion for Temporary Restrained Order, the Plaintiff's Motion for Preliminary Injunction to Freeze Defendants' Assets should also denied.

## I. BACKGROUND

3. Approximately one month before Plaintiff's motion was filed, Defendants disclosed the sale of the property on January 24, 2008, and the amount of the sale.

4. The net from the sale was between $500,000-$700,000.

5. The proceeds from the sale were placed in a money market account earning interest.

6. These proceeds are used for legal defense, including attorney's fees associated with a declaratory judgment action concerning insurance coverage. They are also used for accounting and tax purposes. They are not for personal use.

## II. ANALYSIS

7. The Plaintiff's motion for a preliminary injunction should be denied. First, it is procedurally defective. Second, the elements for the requested relief have not been satisfied.

8. Rule 65 of the Federal Rules of Civil Procedure sets forth the procedure for preliminary injunctive relief.

9. Pursuant to Rule 65, a preliminary injunction may only be issued if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The Plaintiff has provided no such security.

10. Traditionally, the equitable remedy of injunction is only granted where the Plaintiff shows the following: 1) a right which needs protection; 2) irreparable harm without protection; 3)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

10375-R5911
AEH/jlp

no adequate remedy at law; 4) a likelihood of success on the merits; 5) that the balance of hardships favors the Plaintiff. *People v. Miller*, 110 Ill. App. 3d 264, 269 (4th Dist. 1982).

11. The Plaintiff has not shown a right which needs protection. In fact, the Plaintiff has no right to damages absent judgment in Plaintiff's favor. Otherwise every Plaintiff with a tort claim would be seeking a so-called injunction sequestering his opponent's assets pending recovery and satisfaction of the judgment in such a law action. "No relief of this character has been thought justified in long history of equity jurisprudence" *Grupo Mexicano v. Alliance Bond Fund*, 527 US 308, 327 (1999).

12. Moreover, no irreparable harm will be suffered by the Plaintiff if the requested relief is denied. Instead, the only harm will be to the Defendants who would be unable to defend themselves.

13. The Plaintiff also has an adequate remedy at law in Rule 64 of the Federal Rules of Civil Procedure and the Illinois Attachment Statute. See, e.g., *in re Teknek, LLC*, 343 BR 850 (2006).

14. The Plaintiff has not demonstrated a likelihood of success on the merits on a claim for equitable relief. In fact, the underlying complaint contains no claim for equitable relief. A federal court should only use the federal common law of equity pursuant to Rule 65 to issue preliminary injunctive relief if (1) a claim in the underlying complaint is for equitable relief and (2) the preliminary injunctive relief sought is of the same character as that claim. *In re Teknek, LLC*, 343 BR 850, 868 (2006). Here, the underlying claim is for damages only.

15. The Plaintiff has not demonstrated that the balance of hardships favors the Plaintiff either. Indeed, the Plaintiff has no cognizable interest, either at law or in equity, in the property of

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

10375-R5911
AEH/jlp

the Defendants and may not interfere with their use of that property. *Grupo Mexicano v. Alliance Bond Fund*, 527 US 308, 320-321 (1999).

WHEREFORE, Defendants, SWAGAT GROUP, LLC, d/b/a COMFORT INN OF LINCOLN, VASANT PATEL, HIMANSHU M. DESAI, VIJAY C. PATEL, and VAIDIK INTERNATIONAL, INC, respectfully request that the Court deny the Plaintiff's motion and grant them such other relief as the Court deems equitable and just.

Respectfully submitted,

SWAGAT GROUP, LLC, d/b/a COMFORT INN OF LINCOLN, VASANT PATEL, HIMANSHU M. DESAI, VIJAY C. PATEL, and VAIDIK INTERNATIONAL, INC., Defendants

HEYL, ROYSTER, VOELKER & ALLEN, Attorneys for Defendants,

BY: /s/ David M. Walter

Adrian E. Harless, #6183092
Frederick P. Velde, #2893908
David M. Walter, #6244907
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: aharless@hrva.com
            fvelde@hrva.com
            dwalter@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

10375-R5911
AEH/jlp

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, I electronically filed **RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO FREEZE DEFENDANTS' ASSETS** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Thomas M. Lake
tlake@dudleylake.com

Patrick E. Halliday
phalliday@dudleylake.com

John E. Nolan
jnolan@hinshawlaw.com

and I hereby certify that on June 2, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

None

/s/ David M. Walter

Adrian E. Harless, #6183092
Frederick P. Velde, #2893908
David M. Walter, #6244907
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: aharless@hrva.com
        fvelde@hrva.com
        dwalter@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822